# EXHIBIT A



**COMMONWEALTH OF MASSACHUSETTS**
Office of Consumer Affairs and Business Regulation
**DIVISION OF INSURANCE**
1000 Washington Street • Suite 810 • Boston, MA 02118-6200
(617) 521-7794 • FAX (617) 521-7475
http://www.mass.gov/doi

CHARLES D. BAKER
GOVERNOR

KARYN E. POLITO
LIEUTENANT GOVERNOR

MIKE KENNEALY
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

EDWARD A. PALLESCHI
UNDERSECRETARY

GARY D. ANDERSON
COMMISSIONER OF INSURANCE

June 18, 2019

AMGUARD INSURANCE COMPANY
Attn: Marshall Kornblatt
16 South River Street
Wilkes Barre, PA 18702

**Re: Service of Process**

Dear Mr. Kornblatt:

Enclosed you will find legal process which was served upon the Commissioner of Insurance, in his capacity as attorney and registered agent for, Service of Process* for a foreign insurance company, as provided for in Massachusetts General Laws, Chapter 175, §151(3) and §154.

**\* Please note: All future inquiry or correspondence should be directed to the attention of the attorney of record of the enclosed documents.**

Sincerely,

*Stacy Siegan*
Stacy Siegan
Assistant to the General Counsel
(617) 521-7310

Enclosure(s)

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS:

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

57 East Pleasant Street LLC

, Plaintiff(s)

No. 1980CV00098

v.

Berkshire Hathaway GUARD Insurance Companies in cooperation with Phillips Insurance Agency ,Defendant(s)

and

AmGUARD Insurance Company

SUMMONS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

To the above-named Defendant : AmGUARD Insurance Company

You are hereby summonsed and required to serve upon Christopher Jirang, plaintiff attorney, whose address is 6 Beacon St, Suite 305, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire at Northampton, the 14th day of June , in the year of our Lord two thousand 19

*Harry Jekanowski, Jr.*

CLERK-MAGISTRATE

Notes:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___June 18, 2019___ , 20 ___
I served a copy of the within summons, together with a copy of the complaint in this action upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d) (1-5)):

By FirstClass Mail to Am Guard Insurance Company at 16 South River Street, Wilkes Barre, PA. 18702

Dated: 6/18/19 , 20 ___

_Stacy Siegan_ (signature)

STACY SIEGAN

N.B. TO PROCESS SERVER: -

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT

RECEIVED
JUN 18 2019
DIVISION OF INSURANCE
LEGAL DIVISION

, 20 ___

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  DOCKET NO.

57 EAST PLEASANT STREET, LLC,          )
    Plaintiff,                          )
                                       )
v.                                     )
                                       )   **COMPLAINT**
BERKSHIRE HATHAWAY GUARD              )
INSURANCE COMPANIES in cooperation )
with PHILLIPS INSURANCE AGENCY,       )
and AMGUARD INSURANCE COMPANY )
    Defendants.                         )
                                       )

## INTRODUCTION

This is an action by an insured against its insurance company alleging unfair methods of competition and unfair and deceptive acts and practices in the business of insurance pursuant to M.G.L. c.176D and violation of M.G.L. 93A in relation to an insurance policy for property located in Amherst, Hampshire County, Massachusetts.

## PARTIES

1. Plaintiff 57 East Pleasant Street, LLC ("**Plaintiff**") is a domestic limited liability company with a principal place of business at 37 S. Pleasant Street, 2nd Floor, Amherst, MA 01002..

2. Defendant Berkshire Hathaway GUARD Insurance Companies in cooperation with Phillips Insurance Agency ("**GUARD**") is a foreign insurance company, authorized to do business in Massachusetts, with a listed address of P.O. Box 1368, Wilkes-Barre, PA 18703.

3. Defendant AmGUARD Insurance Company (**AmGUARD**) is a foreign insurance company, authorized to do business in Massachusetts, with a principal place of business listed at address at 39 Public Square, Wilkes-Barre, PA, 18703.

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to M.G.L. c. 212, § 3

5. Venue is proper in this Court pursuant to M.G.L. c. 223, § 1.

## FACTS

6. Plaintiff is in the residential property business.

7. GUARD and AmGUARD (collectively, "**Defendant**") are a commercial insurance company.

8. Plaintiff is the holder of a comprehensive business owner's insurance policy offered by Defendant (Policy No. FIBP968952) ("**Policy**").

9. In or around late August 2018, at property owned by Plaintiff and covered by the Policy, a catastrophic failure of a pipe(s)/valve(s) within a plumbing/heating/cooling system occurred leading to the need for remediation and/or replacement ("**Insured Event**").

10. Plaintiff then filed a claim with Defendant for coverage of the Insured Event (Claim No. FIBP968952-001-001-001) ("**Claim**").

11. In or around late 2018, Plaintiff received notice that Defendant denied its Claim based on the "wear and tear" exclusion contained in the Policy ("**Denial**").

12. In a letter dated January 25, 2019, Plaintiff responded to Defendant's Denial and provided facts and documentation to rebut the same.

13. In a letter dated February 12, 2019, Defendant reaffirmed its Denial and further stated, "if you believe our determination was based on information or documentation that is in error please advise us in writing … and we will promptly reconsider our determination."

14. In a letter dated April 22, 2019, Plaintiff again rebutted Defendant's Denial with facts and documentation, including, expert analysis of the Insured Event and Policy application, and requested "copies of all reports and documentation, including, but not limited to any site visit

2

report that led to the determination [of the Denial]," and further advised that said letter be considered formal demand pursuant to M.G.L. c.176D and M.G.L. c.93A.

15. On or around May 7, 2019, having gotten no response from Defendant to the April 22, 2019 correspondence, Plaintiff sent a follow up e-mail.

16. Later, on or around May 7, 2019, Defendant responded to the April 22, 2019 correspondence stating, the April 22, 2019 letter "is now under further review by management," and forwarded a copy of the Defendant's disclaimer language and a denial letter from Hartford Steam Boiler dated November 6, 2018.

17. To date Plaintiff has heard nothing more from Defendant.

18. To date Defendant has not provided Plaintiff the requested "copies of all reports and documentation, including, but not limited to any site visit report that led to the determination [of the Denial]."

19. Plaintiff has provided Defendant information necessary to form the basis of a reasonably clear claim that the Insured Event is in fact covered by the Policy

20. It is Defendant's duty to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

21. It is Defendant's duty to adopt and implement reasonable standards for the prompt investigation of the Claim.

22. It is Defendant's duty to fully investigate the Claim based upon all available information.

23. It is Defendant's duty to effectuate fair and equitable settlements of claims in which liability has become reasonably clear.

24. To date, Defendant has failed its duties, including, but not limited to those as alleged in paragraphs 20-23.

3

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

## COUNT ONE- PAYMENT OF INSURANCE PROCEEDS

25. Plaintiff realleges paragraphs 1- 24.

26. Plaintiff has provided Defendant information necessary to form the basis of a reasonably clear claim that the Insured Event is in fact covered by the Policy

27. Defendant has a duty to remit insurance proceeds to cover Plaintiff's Claim filed on the basis that it is reasonably clear that the Insured Event is in fact covered by the Policy.

28. Defendants is in breach of its duty.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendants Berkshire Hathaway GUARD Insurance Companies in cooperation with Phillips Insurance Agency and AmGUARD Insurance Company, jointly and severally, for payment of insurance proceeds and all other damages, plus interest, costs and all other relief deemed just by this Court.

## COUNT TWO – VIOLATION OF M.G.L. c. 176D sec.3
## UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES
## (GUARD and AmGUARD)

29. Plaintiff realleges paragraphs 1 through 28.

30. Defendant is a "person" engaged in the business of insurance and subject to M.G.L. c. 176D.

31. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices as alleged in paragraphs 10-24.

32. Defendant's unfair and deceptive actions caused Plaintiff to suffer pecuniary damages in excess of $25,000.00.

33. Defendant's actions as detailed above constitute an unfair or deceptive act or practice in the business of insurance and are violations of M.G.L. c. 176D.

4

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

34. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendants Berkshire Hathaway GUARD Insurance Companies in cooperation with Phillips Insurance Agency and AmGUARD Insurance Company, jointly and severally, for its damages, plus interest, costs and all other relief deemed just by this Court.

### COUNT THREE – VIOLATION OF M.G.L. c. 93A
### UNFAIR OR DECEPTIVE TRADE PRACTICES
### (GUARD and AmGUARD)

35. Plaintiff re-alleges paragraphs 1 through 34.

36. Plaintiff is a business for the purpose of G.L. c. 93A, § 11.

37. At all times relevant to this action, Defendant was engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

38. Defendant knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 10-24 and 26-30.

39. Defendant's unfair and deceptive actions caused Plaintiff to suffer pecuniary damages in excess of $25,000.00.

40. Defendant's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

41. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendants Berkshire Hathaway GUARD Insurance Companies in cooperation with Phillips Insurance Agency and AmGUARD Insurance Company, jointly and severally, for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

Respectfully submitted,

Plaintiff
57 EAST PLEASANT STREET, LLC
By its attorneys:

_____
Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
6 Beacon Street, Suite 305
Boston, MA 02108
(857) 233-5534

Dated: June 6, 2019

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): 57 East Pleasant Street, LLC<br>ADDRESS: 37 S. Pleasant Street, 2nd Floor, Amherst, MA 01002 | | COUNTY<br>Hampshire |
| | DEFENDANT(S): Berkshire Hathaway GUARD Insurance Companies in cooperation with AmGUARD Insurance Company | |
| ATTORNEY: Christopher D. Strang, Andrea N. Jacobs<br>ADDRESS: Strang, Scott, Giroux & Young<br>6 Beacon Street, Suite 305<br>Boston, MA 02108 | ADDRESS: GUARD: P.O. Box 1368, Wilkes-Barre, PA 18703<br>AmGaurd: 39 Public Square, Wilkes-Barre, PA 18703 | |
| BBO: Strang: 664742 Jacobs: 693754 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06, A99 | Insurance Contract, Other Contract/Business Acti | F | [ ] YES  [X] NO |

*If "Other" please describe: Violation of 176D and 93A

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................................................. $ _____
   2. Total doctor expenses ............................................................................................... $ _____
   3. Total chiropractic expenses ....................................................................................... $ _____
   4. Total physical therapy expenses ................................................................................ $ _____
   5. Total other expenses (describe below) ...................................................................... $ _____
                                                                                            Subtotal (A): $ _____
B. Documented lost wages and compensation to date ........................................................ $ _____
C. Documented property damages to dated ....................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................................... $ _____
E. Reasonably anticipated lost wages ................................................................................. $ _____
F. Other documented items of damages (describe below) ................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                           TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is an action by an insured against its insurance company alleging unfair methods of competition and unfair and deceptive acts and practices in the business of insurance pursuant to M.G.L. c.176D, M.G.L. 93A

TOTAL: $ 25,000+

Signature of Attorney/Pro Se Plaintiff: X _____                                            Date: Jun 6, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____                                                   Date: Jun 6, 2019

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>1980CV00098 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>57 East Pleasant Street, LLC vs. Berkshire Hathaway Guard Insurance Companies in cooporation with Phillips Insurance Agency et al | | Harry Jekanowski, Jr., Clerk of Courts |
| TO: Christopher Strang, Esq.<br>Strang, Scott, Giroux & Young, LLP<br>6 Beacon St<br>Suite 305<br>Boston, MA 02108 | | COURT NAME & ADDRESS<br>Hampshire County Superior Court<br>15 Gothic Street<br>P.O. Box 1119<br>Northampton, MA 01061 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/09/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 10/08/2019 | |
| All motions under MRCP 12, 19, and 20 | 10/08/2019 | 11/07/2019 | 12/09/2019 |
| All motions under MRCP 15 | 10/08/2019 | 11/07/2019 | 12/09/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 04/06/2020 | | |
| All motions under MRCP 56 | 05/05/2020 | 06/04/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/02/2020 |
| Case shall be resolved and judgment shall issue by | | | 06/09/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 06/10/2019 | Harry Jekanowski, Jr. | |

Date/Time Printed 06-10-2019 11:15:20                                                          SCV026\ 08/2018

PC Data Centers Tuesday, June 25, 2019 10:49:28 AM