UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 3:19-CV-11478-KAR

|  |  |  |
|---|---|---|
| 57 EAST PLEASANT STREET, LLC, <br>     Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | **UNOPPOSED** <br> **FIRST AMENDED COMPLAINT** |
| AMGUARD INSURANCE COMPANY <br> and, TRANE U.S. INC. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) | |

## INTRODUCTION

This is an action by an insured against its insurance company alleging unfair methods of competition and unfair and deceptive acts and practices in the business of insurance pursuant to M.G.L. c.176D and violation of M.G.L. 93A in relation to an insurance policy for property located in Amherst, Hampshire County, Massachusetts.

## PARTIES

1. Plaintiff 57 East Pleasant Street, LLC ("**Plaintiff**") is a domestic limited liability company with a principal place of business at 37 S. Pleasant Street, 2nd Floor, Amherst, MA 01002.

2. Defendant AmGUARD Insurance Company (**AmGUARD**) is a foreign insurance company, authorized to do business in Massachusetts, with a principal place of business listed at address at 39 Public Square, Wilkes-Barre, PA, 18703.

3. Defendant Trane U.S. Inc. ("**Trane**") is a foreign corporation registered to do business in Massachusetts with a principal office located at 800-E Beaty Street, Davidson, North Carolina 28036.

## FACTS

4. Plaintiff is in the residential property business.

5. AmGUARD ( "**Defendant**") is a commercial insurance company.

6. Plaintiff is the holder of a comprehensive business owner's insurance policy offered by Defendant (Policy No. FIBP968952) ("**Policy**").

7. In or around late August 2018, at property owned by Plaintiff and covered by the Policy, a catastrophic failure of a pipe(s)/valve(s) within a plumbing/heating/cooling system as manufactured by defendant Trane, occurred leading to the need for remediation and/or replacement ("**Insured Event**").

8. Plaintiff then filed a claim with Defendant for coverage of the Insured Event (Claim No. FIBP968952-001-001-001) ("**Claim**").

9. In or around late 2018, Plaintiff received notice that Defendant denied its Claim based on the "wear and tear" exclusion contained in the Policy ("**Denial**").

10. In a letter dated January 25, 2019, Plaintiff responded to Defendant's Denial and provided facts and documentation to rebut the same.

11. In a letter dated February 12, 2019, Defendant reaffirmed its Denial and further stated, "if you believe our determination was based on information or documentation that is in error please advise us in writing … and we will promptly reconsider our determination."

12. In a letter dated April 22, 2019, Plaintiff again rebutted Defendant's Denial with facts and documentation, including, expert analysis of the Insured Event and Policy application, and requested "copies of all reports and documentation, including, but not limited to any site visit report that led to the determination [of the Denial]," and further advised that said letter be considered formal demand pursuant to M.G.L. c.176D and M.G.L. c.93A.

13. On or around May 7, 2019, having gotten no response from Defendant to the April 22, 2019 correspondence, Plaintiff sent a follow up e-mail.

14. Later, on or around May 7, 2019, Defendant responded to the April 22, 2019 correspondence stating, the April 22, 2019 letter "is now under further review by management," and forwarded a copy of the Defendant's disclaimer language and a denial letter from Hartford Steam Boiler dated November 6, 2018.

15. To date Plaintiff has heard nothing more from Defendant.

16. To date Defendant has not provided Plaintiff the requested "copies of all reports and documentation, including, but not limited to any site visit report that led to the determination [of the Denial]."

17. Plaintiff has provided Defendant information necessary to form the basis of a reasonably clear claim that the Insured Event is in fact covered by the Policy

18. It is Defendant's duty to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

19. It is Defendant's duty to adopt and implement reasonable standards for the prompt investigation of the Claim.

20. It is Defendant's duty to fully investigate the Claim based upon all available information.

21. It is Defendant's duty to effectuate fair and equitable settlements of claims in which liability has become reasonably clear.

22. To date, Defendant has failed its duties, including, but not limited to those as alleged in paragraphs 19-21.

## COUNT ONE- PAYMENT OF INSURANCE PROCEEDS
### (AmGUARD)

23. Plaintiff realleges paragraphs 1- 22.

24. Plaintiff has provided Defendant information necessary to form the basis of a reasonably clear claim that the Insured Event is in fact covered by the Policy

25. Defendant has a duty to remit insurance proceeds to cover Plaintiff's Claim filed on the basis that it is reasonably clear that the Insured Event is in fact covered by the Policy.

26. Defendants is in breach of its duty.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against AmGUARD Insurance Company for payment of insurance proceeds and all other damages, plus interest, costs and all other relief deemed just by this Court.

## COUNT TWO – VIOLATION OF M.G.L. c. 176D sec.3
### UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES
### (AmGUARD)

27.  Plaintiff realleges paragraphs 1 through 26.

28. Defendant is a "person" engaged in the business of insurance and subject to M.G.L. c. 176D.

29. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices as alleged in paragraphs 8-22.

30. Defendant's unfair and deceptive actions caused Plaintiff to suffer pecuniary damages of $185,000.00.

31. Defendant's actions as detailed above constitute an unfair or deceptive act or practice in the business of insurance and are violations of M.G.L. c. 176D.

32. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendant AmGUARD Insurance Company for its damages, plus interest, costs and all other relief deemed just by this Court.

## COUNT THREE – VIOLATION OF M.G.L. c. 93A
### UNFAIR OR DECEPTIVE TRADE PRACTICES
### (AmGUARD)

33. Plaintiff re-alleges paragraphs 1 through 32.

34. Plaintiff is a business for the purpose of G.L. c. 93A, § 11.

35. At all times relevant to this action, Defendant was engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

36. Defendant knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 8-22 and 24-32.

37. Defendant's unfair and deceptive actions caused Plaintiff to suffer pecuniary damages of $185,000.00.

38. Defendant's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

39. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendant AmGUARD Insurance Company for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

## COUNT FOUR-BREACH OF WARRANTY/PRODUCT LIABILITY
### MANUFACTURING DEFECT
### (Trane)

40. Plaintiff realleges paragraphs 1 through 39.

41. Trane is the manufacturer of the plumbing/heating/cooling system as referenced in paragraph 7.

42. The Trane manufactured plumbing/heating/cooling system materially deviated from its intended design thus leading to the Insured Event.

43. That material deviation rendered the Trane manufactured plumbing/heating/cooling system unreasonably dangerous and unfit for its ordinary purpose.

44. Trane's material deviation from the intended design and breach caused Plaintiff to suffer damages of $185,000.00.

WHEREFORE, Plaintiff 57 East Pleasant Street, LLC demands judgment against Defendant Trane U.S. Inc. for its damages and all other relief this Court deems just.

Respectfully submitted,

Plaintiff
57 EAST PLEASANT STREET, LLC
By its attorneys:

*/s/ Andrea N. Jacobs*
Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
6 Beacon Street, Suite 305
Boston, MA 02108
(857) 233-5534

Dated: September 27, 2019

**CERTIFICATE OF SERVICE**

I, Andrea N. Jacobs, hereby certify that a copy of the foregoing, filed through the ECF system, will be sent via First-Class Mail, postage prepaid to the registered participants as identified on the Notice of Electronic Filing and to those indicated as non-registered participants on September 27, 2019.

*/s/ Andrea Jacobs*
Andrea N. Jacobs